# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### December 7, 2011 Session

## DWAYNE JABBAR SEALES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2002-I-1384     J. Randall Wyatt, Jr.**

---

**No. M2011-01151-CCA-R3-PC- Filed July 13, 2012**

---

The Petitioner, Dwayne Jabbar Seales,[1] appeals from the summary dismissal of his March 30, 2011 petition for post-conviction relief as time-barred. On December 19, 2002, the Petitioner pled guilty to aggravated assault and domestic assault, and following his 2011 arrest on an unrelated charge, immigration removal proceedings have been initiated against the Petitioner based upon his 2002 guilty plea convictions. On appeal, the Petitioner asserts that due process requires tolling of the post-conviction limitations period because of trial counsel's failure to inform him of the deportation consequences of his plea. After a thorough review of the record and the applicable authorities, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Philip J. Perez (on petition) and William Doak Patton (on appeal), Nashville, Tennessee, for the appellant, Dwayne Jabbar Seales.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Amy Hunter Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

---

[1] It is the policy of this court to spell the Petitioner's name as it is styled on the post-conviction petition. However, we note that his name also appears in the record as "Dwayne Jabar Seales," "Dewayne Seales," and "Dwayne Jabbar Seals."

FACTUAL BACKGROUND

We glean the following facts from the petition for post-conviction relief. On December 19, 2002, the Petitioner, a native citizen of Trinidad and Tobago then holding lawful permanent resident status in the United States, pled guilty to aggravated assault and domestic assault. See Tenn. Code Ann. §§ 39-13-102, -111. He was sentenced to concurrent terms of five years and eleven months and twenty-nine days, respectively, and was placed on probation. According to the Petitioner, his "life continued without incident" until his arrest for aggravated burglary in 2011; a charge which he states was later dismissed because the victim failed to appear in court. Apparently as a result of his December 19, 2002 guilty plea and a separate December 5, 2011 conviction for domestic assault, immigration removal proceedings have been initiated against the Petitioner.

On March 30, 2011, almost one year after the United States Supreme Court issued its decision in Padilla v. Kentucky, -- U.S. --, 130 S. Ct. 1476 (2010), the Petitioner filed a petition for post-conviction relief. Relying on the Court's holding in Padilla, the Petitioner alleged that he received the ineffective assistance of counsel because trial counsel failed to inform him about the immigration consequences of his guilty plea. In Padilla, the Supreme Court held, for the first time, that "counsel must inform [their] client whether [a] plea carries a risk of deportation" and that the failure to advise their client of this consequence was deficient. 130 S. Ct. at 1486. The Court further held that when the deportation consequence is not "succinct and straightforward," counsel must still advise the client that "pending criminal charges must carry a risk of adverse immigration consequences." Id. at 1483. The Petitioner asserted that, had he known he was subject to removal from the United States after pleading guilty, he would not have done so and would have insisted on proceeding to trial. The Petitioner acknowledged that his petition was filed outside the one-year statute of limitations applicable to petitions for post-conviction relief but contended that his petition fit within one of the statutory exceptions to the limitations period. Specifically, he claimed that Padilla recognized a new constitutional right requiring retroactive application. See Tenn. Code Ann. § 40-30-102(b)(1).

The post-conviction court summarily dismissed the petition as untimely, concluding that the petition did not fall under any of the statutorily recognized exceptions to the limitations period. The Petitioner filed a timely notice of appeal.[2]

---

[2] In its brief, the State asserts that the Petitioner's notice of appeal document is untimely. However, the order of summary dismissal was entered April 8, 2011, and the Petitioner's notice of appeal was filed May 2, 2011, which meets the thirty-day filling requirement. See Tenn. R. App. P. 4(a).

ANALYSIS

On appeal, and for the first time, the Petitioner contends that trial counsel's failure to inform him that deportation would automatically result from his guilty plea to these offenses, "creates a reasonable inference that due process requires the investigation of this set of circumstances[,]" i.e., due process requires tolling of the limitations period and affords him a hearing on the merits. The State maintains that Padilla is not entitled to retroactive application and, thus, summary dismissal was proper.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103. The burden in a post-conviction proceeding is on the petitioner to prove the factual allegations in support of his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law, however, are subject to a purely de novo review by this court, with no presumption of correctness. Id. at 457.

Tennessee's Post-Conviction Procedure Act provides that a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-102(a). The statute then lists circumstances under which the limitations period may be tolled:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States [S]upreme [C]ourt establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in

-3-

which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . .

Tenn. Code Ann. § 40-30-102(b). Tennessee courts have also recognized that, in certain circumstances, strict application of the statute of limitations would deny a petitioner the reasonable opportunity to bring a post-conviction claim and that, in these instances, due process requires the tolling of the statute of limitations. See Williams v. State, 44 S.W.3d 464 (Tenn. 2001); State v. Nix, 40 S.W.3d 459 (Tenn. 2001); Sands v. State, 903 S.W.2d 297 (Tenn. 1995); Burford v. State, 845 S.W.2d 204 (Tenn. 1992); Crawford v. State, 151 S.W.3d 179 (Tenn. Crim. App. 2004).

As his only argument for tolling on appeal, the Petitioner contends that principles of due process require tolling of the limitations period because of trial counsel's failure to inform him of the deportation consequences of his plea. The Petitioner notes that at the time of guilty plea both offenses were categorized as a deportable offense. See 8 U.S.C. § 1227. However, the Petitioner has presented this claim for the first time on appeal, and issues raised for the first time on appeal are considered waived. See State v. Johnson, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996). As a result, the Petitioner has waived our consideration of whether principles of due process require the tolling of the statute of limitations in this case. See, e.g., Konstantinos Diotis v. State, No. W2011-00816-CCA-R3-PC, 2011 WL 5829580, at *2 (Tenn. Crim. App. Nov. 17, 2011). Moreover, a panel of this court has concluded, under similar circumstances, that a petitioner's claims for relief under Padilla were not "later-arising," and therefore, he had failed to demonstrate a basis for tolling the statute of limitations. See, e.g., Ivano Stamegna v. State, No. E2011-00107-CCA-R3-PC, 2001 WL 5971275, at *5-7 (Tenn. Crim. App. Nov. 29, 2011), reh'g denied, (Mar. 5, 2012).

While the State responds to the Petitioner's argument by contending that Padilla is not retroactively applicable on collateral review, the Petitioner does not once cite to Padilla in his brief. Because the issue is not included in the Petitioner's brief, the issue will not be considered by this court. See Tenn. R. App. P. 27(a); Tenn. Ct. Crim. App. R. 10(b). However, we briefly note that this court has consistently held that petitioners are not entitled to a statutory exception to the one-year limitations period based upon the holding in Padilla. See, e.g., Rene S. Guevara v. State, No. W2011-00207-CCA-R3-PC, 2012 WL 938984, at *2-3 (Tenn. Crim. App. Mar. 13, 2012) ("Although the Court's decision in Padilla established a new rule of law, the rule of law should not be retroactively applied."), perm. app. filed, (Tenn. May 10, 2012); Stamegna, 2011 WL 5971275, at *5 ("Padilla did not create a rule of law that is to be retroactively applied[.]"); Diotis, 2011 WL 5829580, at *2-3 ("Padilla is not entitled to retroactive application[.]").

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE